UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEPORIAN DAVIS-STONE, # 579923,

        Petitioner,                        Case Number: 20-CV-11529
                                                              Honorable Thomas L. Ludington

v.

L. EDWARDS, ET AL.,

        Respondent.
_____/

**ORDER OF PARTIAL DISMISSAL**

This matter is pending before the Court on a *pro se* civil rights complaint filed by Leporian Davis-Stone ("Plaintiff") under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan. Plaintiff names four defendants: Corrections Officer L. Edwards, Sergeant Nguyen, Lieutenant G. Kelly, and Hearings Investigator W. Bridges.

Plaintiff's complaint raises alleged violations of the First, Sixth, and Fourteenth Amendments. He also raises a state law tort claim for the intentional infliction of emotional distress. Plaintiff seeks monetary relief. For the reasons discussed, Defendants Nguyen, Kelly, and Bridges will be dismissed. This dismissal is without prejudice as to Plaintiff's state law tort claim against these Defendants.

**I.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. ECF No. 3. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

**II.**

Plaintiff's claims arise from a misconduct ticket issued by Defendant Edwards on January 5, 2020 while Plaintiff was incarcerated at the Macomb Correctional Facility. The misconduct ticket charged Plaintiff with interfering with an administrative rule and using the prison's computerized mail system in violation of a loss-of-privileges sanction for unidentified misconduct. ECF No. 1 at PageID.3. Plaintiff claims that Defendant Edwards issued this false misconduct ticket in retaliation for Plaintiff objecting on a previous occasion when Edwards touched Plaintiff's buttocks and Plaintiff warned him that his action violated the Prison Rape Elimination Act. *Id.* at 3-4.

-2-

Defendant Nguyen reviewed the misconduct report. Plaintiff requested that Nguyen review the video surveillance tape from January 5, 2020 because it would show that Plaintiff was in his cell at the time Edwards alleged he was improperly accessing the computer mail system. *Id.* at 3. Nguyen declined to review the videotape, noting that Hearing Investigator W. Bridges would investigate the facts. *Id.* Plaintiff asked Defendant Bridges to review the tape and provide a copy for review by the Hearing Officer Defendant Kelly. *Id.*

The misconduct hearing was held on January 13, 2020. Plaintiff informed Defendant Kelly that the misconduct report was fabricated by Edwards and motivated by retaliatory intent. *Id.* at 3–4. Plaintiff asked Kelly to review the surveillance tape because it would prove his innocence. *Id.* He also advised Kelly that Corrections Officer Beck could corroborate that Plaintiff was not in the dayroom when the violation was said to have occurred. *Id.* at 4. Kelly found Plaintiff guilty and stated that "the video was not available for reviewing." *Id.*

### III.

Plaintiff claims that Defendants' actions violated his rights under the First, Sixth, and Fourteenth Amendments in connection with a prison misconduct allegation and the related hearing. Plaintiff also raises a state law claim of intentional infliction of emotional distress.

### A.

A prison disciplinary action does not implicate a liberty interest requiring due process safeguards unless the punishment imposed will inevitably affect the duration of an inmate's sentence or inflict an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not allege that the disciplinary action resulted in a punishment that will affect the duration of his sentence or

inflicts an "atypical and significant hardship" on him. *Id.* Because Plaintiff does not allege that the misconduct conviction resulted in either an extension of the duration of his sentence or some other atypical hardship, his due process claim fails.

In addition, even assuming that Plaintiff was entitled to limited due process, he fails to state a claim. First, Plaintiff argues that Defendants violated due process by denying him the right to confront witnesses. A prisoner's right to call witnesses at a prison disciplinary proceeding does not encompass the right to confront and cross-examine adverse witnesses. *Wolff v. McDonnell*, 418 U.S. 539, 568 (1974) ("[T]he Constitution should not be read to impose the [cross-examination] procedure at the present time and . . . adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.").

Second, Plaintiff's claim that Defendant Kelly failed to view the videotape, which Plaintiff claimed would have been exculpatory, fails to state a due process violation. There is no due process requirement that a prison disciplinary board consider *all* available evidence. *See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). There is also no specific requirement that a hearings officer review video surveillance evidence. *See Harvey v. Wilson*, 2011 WL 1740141, at *10 (E.D. Ky. May 5, 2011) (holding that the failure to review video footage as part of a disciplinary proceeding does not constitute a due process violation unless the decision was not supported by "some evidence"); *see also McKeithan v. Beard,* 322 F. App'x 194, 201 (3d Cir. 2009) ("The videotape and photographs at most constitute potentially exculpatory evidence, which prison officials have no constitutional obligation to preserve or consider."). Plaintiff fails to show a due process violation.

**B.**

Plaintiff also claims that Defendants acted in retaliation for a previous interaction when Plaintiff objected to Defendant Edwards touching his buttocks and warned Edwards that his actions violated PREA policy.

Retaliation against a prisoner for engaging in protected conduct violates the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). A retaliation claim has three elements:  (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, *i.e.*, the adverse action was motivated, at least in part, by the plaintiff's protected conduct.  *Id.* at 394. The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff fails to satisfy his burden with respect to Defendants Nguyen, Kelly and Bridges. He does not allege that any of these three Defendants were even aware of the incident with Edwards. Nor does he present any supporting detail. Plaintiff's speculation is insufficient to state a plausible retaliation claim under § 1983. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim).

**C.**

Plaintiff also raises state law intentional infliction of emotional distress claims against all four Defendants.  In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of

multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, "the balance of considerations usually will point to dismissing the state law claims." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quotation omitted). Here, because Plaintiff's federal claims against Defendants Nguyen, Kelly, and Bridges will be dismissed, supplemental jurisdiction with regard to Plaintiff's state law claims against these defendants should not be exercised. The state law claims against Defendants Nguyen, Kelly, Bridges will be dismissed without prejudice.

## IV.

Accordingly, it is **ORDERED** that Defendants Nguyen, G. Kelly, and W. Bridges are **DISMISSED**. The dismissal is **WITH PREJUDICE** as to Plaintiff's First, Sixth, and Fourteenth claims against these Defendants. The dismissal with respect to the state law intentional infliction of emotional distress claims against Defendants Nguyen, Kelly, and Bridges, is **WITHOUT PREJUDICE** because the Court declines to exercise supplemental jurisdiction. Plaintiff's claims may proceed against Defendant L. Edwards.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 28, 2020

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Leporian Davis-Stone** #579923, MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, NEW HAVEN, MI 48048 by first class U.S. mail on August 28, 2020.

                                       s/Kelly Winslow
                                       KELLY WINSLOW, Case Manager