UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEPORIAN DAVIS-STONE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LAWRENCE EDWARDS,<br><br>　　　　　　　　　　Defendant. | Case No. 20-cv-11529<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)**

## I.    Introduction

Plaintiff Leporian Davis-Stone, a prisoner under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983 based on the conditions of his confinement at the Macomb Correctional Facility.  ECF No. 1.  Davis-Stone alleges that Defendant Lawrence Edwards issued a false misconduct ticket against him in retaliation for his objection to Edwards's inappropriate touching.  *Id.* at PageID.3-4.  Davis-Stone asserts a First Amendment retaliation claim and

a state-law intentional infliction of emotional distress claim against Edwards. *Id.* at PageID.5.[1]

The Honorable Thomas L. Ludington referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12. Edwards moves for summary judgment for failure to exhaust administrative remedies. ECF No. 19. For the reasons below, the Court **RECOMMENDS** that Edwards's motion be **GRANTED**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions

---

[1] Davis-Stone also asserted claims against Defendants Nguyen, G. Kelly, and W. Bridges, which were dismissed during the court's initial screening. ECF No. 5.

of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).[2] The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the

---

[2] Citing *Patsy v. Bd. of Regents of Fla.*, Davis-Stone argues that the exhaustion requirement does not apply because he brings his constitutional claim under 42 U.S.C. § 1983. ECF No. 21, PageID.209-210. While *Patsy* held that exhaustion generally is not required under § 1983, it acknowledged that Congress "created a specific, limited exhaustion requirement for adult prisoners bringing actions pursuant to § 1983." 457 U.S. 496, 508 (1982). Because Davis-Stone is an adult prisoner, the exhaustion requirements of § 1997e apply.

3

administrative process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

A retaliatory misconduct claim cannot be exhausted through the grievance process. MDOC Policy Directive 03.02.130 states that decisions about misconduct are non-grievable and must be challenged through a

hearing. *See* ECF No. 19-2, PageID.148-149, ¶ J. Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). And "if the prisoner does not successfully resolve the dispute at the misconduct hearing, he must 'file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.'" *Smith*, 2019 WL 7946345, at *3 (quoting Mich. Comp. Laws § 791.255(1)) (cleaned up). MDOC Policy Directive 03.03.105 provides that a prisoner found guilty of a class II misconduct may submit an appeal form to the deputy warden within 15 days of receiving a hearing officer's written decision. ECF No. 19-5, PageID.183-184, ¶ UUU.

Here, the hearing report shows that Davis-Stone disputed the substance of the misconduct ticket but did not claim that it was retaliatory. ECF No. 19-4, PageID.170-171. Edwards reported that Davis-Stone was in the prison's quiet room in violation of loss of privilege sanctions, while Davis-Stone maintained that he was in his cell. *Id.* The hearing report made no mention of retaliation or Davis-Stone's objections to Edwards's alleged inappropriate touching. *Id.* And Mona Golson, an MDOC litigation

5

coordinator, stated that an internal database that tracks all alleged violations of the Prison Rape Elimination Act reported no investigations involving Davis-Stone and Edwards. *Id.* at PageID.167-168. This evidence shows that Davis-Stone made no allegation that Edwards retaliated against him for opposing the alleged inappropriate touching.

Davis-Stone contends that the hearing officer omitted his retaliation claim from the report. ECF No. 21, PageID.208. But that assertion is not supported by evidence, as Davis-Stone's response is not sworn under penalty of perjury. *See* 28 U.S.C. § 1746 (stating that a declaration subscribed "as true under penalty of perjury" may serve as evidentiary support); *Wingz & Thingz 1 v. Penn-Star Ins. Co.*, 547 F. App'x 766, 767 (6th Cir. 2013) ("The district court properly rejected plaintiff's unsigned and unsworn 'affidavits.'"). There is no factual dispute that Davis-Stone failed to exhaust his claim by raising the issue of retaliation during the misconduct hearing. *See Butler v. Scholten*, No. 1:19-CV-449, 2020 WL 5798088, at *4 (W.D. Mich. Sept. 29, 2020) (plaintiff failed to exhaust when he disputed the factual basis for a misconduct ticket but did not raise retaliation during the hearing).

Even if Davis-Stone had supported his claim that he raised retaliation during the misconduct hearing, he failed to exhaust the claim by appealing

6

the "guilty" finding. Secretary Tiffany Foster explained that the deputy warden's office "maintains records of appeals for class II misconduct tickets," and that Davis-Stone did not appeal the misconduct ticket at issue. ECF No. 19-6, PageID.195. Davis-Stone does not dispute this assertion. Since Davis-Stone did not appeal the outcome of the misconduct hearing, he failed to exhaust his claim. *See Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017) (finding that a plaintiff failed to exhaust a retaliatory misconduct claim because he "did not allege retaliation at his misconduct hearing and did not appeal the finding of guilt following that hearing" (cleaned up)).

Davis-Stone contends that the misconduct hearing officer failed to investigate the misconduct by viewing video of the alleged incident. ECF No. 21, PageID.208. But whether the misconduct hearing was properly investigated is irrelevant to whether Davis-Stone exhausted his retaliation claim. The evidence shows that he did not. Thus, the First Amendment retaliation claim should be dismissed.

## C.

Davis-Stone also asserts a state-law claim for intentional infliction of emotional distress. With dismissal of Davis-Stone's constitutional claim, the case would not retain a federal character. Under 28 U.S.C.

7

§ 1367(c)(3), the court should decline to extend supplemental jurisdiction over the state-law claim and dismiss it without prejudice.  *See Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013) ("28 U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (cleaned up)).

### III. Conclusion

The Court the Court **RECOMMENDS** that Edwards's motion be **GRANTED** (ECF No. 19), and that Davis-Stone's claims against him be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 26, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2022.

                                                                  s/Marlena Williams
                                                                  MARLENA WILLIAMS
                                                                  Case Manager